STATE OF NORTH CAROLINA v. LAWRENCE GRAY HILLARD

No. 8519SC1175

(Filed 3 June 1986)

**1. Automobiles and Other Vehicles § 126— manslaughter case—cautioning patients about Valium and alcohol**

Testimony by two medical experts concerning their practices of cautioning patients about the dangers of combining Valium, alcohol and driving was relevant in this manslaughter prosecution arising out of an automobile accident where there was evidence tending to show that defendant consumed beer and Valium on the morning of the accident.

**2. Criminal Law § 39— rebuttal testimony**

Testimony by defendant's roommate in a manslaughter prosecution that defendant consumed Valium and alcohol in combination almost daily while they were roommates was admissible to rebut defendant's testimony that he rarely drank during that time.

**3. Criminal Law § 75.14— confession after automobile accident—admissibility**

The evidence supported the trial court's determination that defendant's inculpatory statement made to police officers at the hospital after an automobile accident was made freely, voluntarily and understandingly and did not require the trial court to find that defendant could not have voluntarily waived his right to remain silent because he was suffering from a concussion.

**4. Criminal Law § 51.1— forensic toxicology—qualification of expert**

When a witness was tendered by the State as an expert in forensic chemistry, the State presented sufficient evidence to support the trial court's

conclusion that the witness was also qualified to express an opinion in the field of forensic toxicology.

5. **Automobiles and Other Vehicles § 113.1— sufficient evidence of manslaughter**
 The evidence was sufficient to support defendant's conviction of involuntary manslaughter arising out of an automobile accident where it tended to show that defendant drove his car across the center line and forced at least four oncoming cars off the highway; defendant's car then struck the victim's car in a head-on collision; defendant admitted drinking beer and taking Valium on the morning of the accident; one half-empty and two empty beer cans were found in defendant's car; defendant had a blood Valium content of .07% after the accident; and in the opinion of several witnesses defendant smelled of alcohol, had red, glassy eyes, and appeared to be impaired.

APPEAL by defendant from *Freeman, Judge*. Judgment entered 24 April 1985 in Superior Court, ROWAN County. Heard in the Court of Appeals 8 April 1986.

The defendant was tried for involuntary manslaughter after he was involved in an automobile accident in which Jacquelyn Broadway Correll was killed. The evidence at trial tended to show that while the defendant was driving in Rowan County on 31 October 1984 his car crossed the center line forcing at least four oncoming cars off the highway. His car then struck Mrs. Correll's car in a head-on collision. Mrs. Correll died immediately after the accident. Two blood alcohol analyses, one performed by the hospital and one performed by the State Bureau of Investigation, indicated that the defendant had a blood alcohol concentration of 0.00%. A third blood analysis showed that the defendant had a blood Valium concentration of 0.07%.

The defendant presented evidence tending to show that he had not consumed alcohol on the day of the accident, including the testimony of the emergency room physician that he examined the defendant and found no evidence that the defendant had been drinking. The defendant also presented evidence tending to show that at the time of the accident he suffered a blackout caused by a heart condition of which he had not previously been aware. He presented uncontradicted testimony that 0.07% blood concentration is a very small amount of Valium, that he had been taking the drug for two and a half months before the accident, that he had continued working as an ambulance driver during that time with the knowledge and consent of his supervisor, and that his physician never warned him not to drive while taking Valium.

The defendant was convicted of involuntary manslaughter and sentenced to three years imprisonment. He appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General George W. Lennon, for the State.*

*J. Stephen Gray for defendant appellant.*

WEBB, Judge.

By his first assignment of error the defendant argues that the trial court committed prejudicial error in making "various evidentiary rulings in violation of Rules 402, 403, 802, 401, and 404 of the North Carolina Rules of Evidence." We disagree.

He first argues that the court erred in permitting a witness who was forced by the defendant's driving to leave the highway shortly before this accident to testify as follows:

A: [W]hen someone is assaulting you with an automobile, that you do the best you can to save your own life.

. . . .

Q: I take it that you were very frightened?

A: Not too frightened, but I was more frightened than I would have been, if you had been assaulting me, trying to shoot at me with a gun.

Assuming for the sake of argument that the admission of this testimony was improper, we believe the defendant has failed to show any resulting prejudice.

[1]   The defendant next argues that the court erred in admitting irrelevant testimony of two medical experts concerning their practices with regard to cautioning patients about the use of Valium alone, in combination with alcohol, or while driving a car. The State presented evidence tending to show that the defendant admitted consuming two beers and two 10 milligram Valium tablets on the morning of the accident. Blood samples taken after the accident indicated that the defendant had a blood Valium concentration of 0.07%. Several witnesses testified that the defendant appeared to be impaired, that his breath smelled of alcohol, and that two empty and one half-empty beer cans were found in his

car after the accident. In light of this evidence testimony about the dangers of combining Valium, alcohol and driving is relevant.

[2] The defendant also argues that the court committed prejudicial error by admitting testimony of the defendant's former roommate. First the witness testified that while he and the defendant were roommates the defendant consumed Valium and alcohol in combination almost daily. The defendant contends that this evidence was irrelevant to his behavior on the day of the accident and served simply to incite prejudice in the jury. However, on direct examination the defendant testified that he rarely drank during that time. His roommate's testimony was therefore admissible in rebuttal. The defendant's roommate also testified that when he visited the defendant after the accident the defendant stated, "I'll get that damned bitch that hit me." He argues that this testimony was inadmissible hearsay and was irrelevant. Assuming that the defendant is correct, in light of the substantial evidence of his guilt we are unable to agree that admission of this testimony was prejudicial error.

[3] By his second assignment of error the defendant argues that the court improperly admitted his inculpatory statement made to police officers at the hospital after the accident because he was suffering from a concussion and could not have voluntarily waived his right to remain silent. We disagree.

The trial court determines whether a confession is voluntary, and therefore admissible, by looking at the totality of the circumstances. *State v. Jackson,* 308 N.C. 549, 304 S.E. 2d 134 (1983). "In making this determination the trial judge must find facts; and when the facts are supported by competent evidence, they are conclusive on the appellate courts." *State v. Booker,* 306 N.C. 302, 308, 293 S.E. 2d 78, 81 (1982).

In the present case the trial court conducted an extensive voir dire before admitting the defendant's confession. The court made the following findings of fact. The defendant was advised both orally and in writing of his constitutional rights to remain silent and to the assistance of counsel. The defendant responded that he understood those rights. He signed a waiver of rights form and indicated that he did not desire to consult an attorney or have an attorney present when he answered questions. At the time of the interview though the defendant's eyes were red and

glassy, he was coherent, and he answered questions appropriately, although he answered some questions incorrectly. At the time of the interview he complained of pain in his knee, had a head injury, multiple contusions, some chest injuries and a fractured patella. The defendant understood the questions asked of him. No threats, promises, offers of reward or inducements were offered to the defendant. At no time did the defendant indicate that he wished to stop questioning. Based upon these findings the court concluded as a matter of law that the defendant made his statement freely, voluntarily and understandingly with full knowledge of his constitutional rights. There was sufficient evidence on voir dire to support the court's findings which are in turn sufficient to support its conclusions of law. The court properly denied the defendant's motion to suppress.

[4] The defendant next argues that the court erred in permitting an expert qualified in the field of forensic chemistry to testify concerning his opinion in the field of forensic toxicology. We disagree.

Our Supreme Court stated in *State v. Bullard*, 312 N.C. 129, 140, 322 S.E. 2d 370, 376 (1984):

Whether the witness has the requisite skill to qualify him as an expert is chiefly a question of fact, the determination of which is ordinarily within the exclusive province of the trial judge . . . . A finding by the trial judge that the witness possesses the requisite skill will not be reversed on appeal unless there is no evidence to support it. (Citations omitted.)

In the present case when the witness was tendered to the court as an expert in forensic chemistry the State presented sufficient evidence to support the court's conclusion that the witness was also qualified to express an opinion in the field of forensic toxicology.

[5] By his fourth assignment of error the defendant argues that the court improperly denied his motions to dismiss, for mistrial and for appropriate relief. He contends that there was insufficient evidence to support his conviction for involuntary manslaughter and that therefore the court should have allowed his motions to dismiss and for appropriate relief. We disagree.

In a manslaughter case arising from an automobile accident, evidence is sufficient to submit the case to the jury if it tends to show:

(1) that [the defendant] was guilty of an intentional, wilful or wanton violation of a statute designed for the protection of human life and limb, or guilty of an inadvertent violation of such statute accompanied by recklessness [of] probable consequences of a dangerous nature amounting altogether to a thoughtless disregard of consequences or heedless indifference to the safety and rights of others, and (2) that such violation and conduct was the proximate cause of the injury and resulting death of deceased.

*State v. Hewitt*, 263 N.C. 759, 762, 140 S.E. 2d 241, 243 (1965).

We believe the evidence in the present case was sufficient to submit the case to the jury. Evidence tending to show that the defendant admitted drinking beer and taking Valium on the morning of the accident, that there were two empty and one half-empty beer cans in his car, that blood analyses indicated the presence of 0.07% Valium in his blood after the accident, and that in the opinion of several witnesses he smelled of alcohol, had red, glassy eyes, and appeared to be impaired raises an inference from which the jury could find that the defendant operated his vehicle after consuming alcohol and Valium. When combined with evidence that immediately before the fatal accident defendant forced four cars other than the victim's off the road by driving on the wrong side of the road this evidence is sufficient to permit the jury to find that the defendant operated his vehicle recklessly and in heedless disregard of the safety and rights of others and that this conduct proximately caused the death of Jacquelyn Broadway Correll. The trial court properly denied the defendant's motions to dismiss and for appropriate relief.

The defendant also argues that because of its allegedly incorrect evidentiary rulings the court erred in denying the defendant's motion for a mistrial. As stated earlier, the court committed no prejudicial error in those rulings and therefore properly denied the defendant's motion for a mistrial.

Finally, the defendant argues that the court erred in permitting the State's attorney, during closing argument, to include in

his argument facts outside the record which were highly inflammatory. We disagree. Counsel must be allowed wide latitude during closing argument in hotly contested cases and may argue facts in evidence and all reasonable inferences to be drawn therefrom together with the relevant law. In *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976), our Supreme Court held that whether counsel had abused that privilege is generally a matter left to the trial court's discretion and is not reversible on appeal absent a showing of such gross impropriety as would likely influence the jury's verdict. We have reviewed the State's closing argument and are unable to detect such impropriety.

No error.

Judges EAGLES and PARKER concur.